## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris, and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advancement Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>Plaintiffs,<br><br>v.<br><br>EMPIRE REFRACTORY SERVICES OF OHIO, L.L.C.,<br><br>Defendant. | Civil Action No. 2:22-cv-1586 |

## COMPLAINT

1. Jurisdiction of this action arises under § 502 and § 515 of the Employee Retirement Income Security Act of 1974, as amended (**"ERISA"**), 29 U.S.C. § 1132 and § 1145, and Sections 404(b) and 406 of ERISA, 29 U.S.C. § 1104(b), § 1106 and § 1109, 28 U.S.C. § 1331, and also under § 301 of the Labor-Management Relations Act of 1947 (**"LMRA"**), 29 U.S.C. § 185, in that Defendant Empire Refractory Services of Ohio, L.L.C. (hereinafter, **"Empire Refractory"** or **"Defendant Contractor"**) has failed to submit its required monthly remittance reports, as well as comply with Plaintiff Laborers' Combined Funds of Western Pennsylvania's (hereinafter **"the Funds"** or **"Plaintiff Funds"**) numerous demands for the documentation required for the Funds to conduct an audit of Empire Refractory's records, in violation of a certain collective bargaining agreement entered into with the Laborers' District Council of Western Pennsylvania and its

affiliated local unions (hereinafter "**Laborers' Union**"), as well as relevant provisions of several trust agreements incorporated therein.

2. Plaintiff Funds are a Pennsylvania non-profit corporation, which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140. Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds. Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. Plaintiff Laborers' Union, on its own behalf, and on behalf of its local affiliated unions and the Construction Industry Advancement Program of Western Pennsylvania Fund, have designated the Funds as its agent for the collection of monies required to be paid by employers to the Laborers District Council Industry Fund and Dues Deduction Fund.

5. Defendant Contractor is engaged in the business of operating a construction company, with its principal place of business at 12701 Beech Daly Rd., Taylor, MI 48180.

6. Empire Refractory has agreed to enter into and abide by the terms of a Project Labor Agreement, as well as an Independent Building Agreement (the "**Building Agreement**") (collectively, the "**Agreements**"), and pursuant to which Defendant Contractor was obligated to submit monthly remittance reports ("reports"), as well as make certain monthly payments to Plaintiff Funds for pension, welfare, industry, and monthly health insurance premiums for the benefit of employees covered under such Agreements.

7. The aforementioned Agreements and the provisions of ERISA require Empire Refractory to pay interest and late charges/liquidated damages if it fails to timely file such reports and/or make such payments.

8. In violation of such Agreements, Empire Refractory has only filed a single report since November of 2020.

9. The aforementioned Agreements and the provisions of ERISA also require Empire Refractory to comply with any audit requests made by the Funds.

10. Specifically, Article XVIII, Section 2 of the Building Agreement provides that Defendant Contractor agrees that, "the authorized representative of the [Laborers'] Union shall have the right to examine the Employer's records to see that all proper contributions and deductions are being made from all employees coming under the jurisdiction of this agreement."

11. In violation of such Agreements, Empire Refractory has failed to cooperate with the Funds to schedule an audit, and/or submit the documentation required in order for the Funds to conduct the aforementioned payroll audit.

12. Between May 4, 2022 and July 29, 2022, the Funds' contacted Empire Refractory on numerous occasions, by letter and telephone, to demand that Defendant Contractor provide the requisite audit documentation, but Defendant Contractor refused, and continues to refuse, to provide the Funds with the aforementioned audit documentation.

13. During this same time period, Empire Refractory failed to respond to no fewer than four (4) separate Audit Request Letters from same.

14. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until termination of this case. If it is determined that Empire

Refractory owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1.25%) per month and late charges/liquidated damages at ten percent (10%) times such amounts owed. In the alternative, the Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

15. Pursuant to the Agreements and trust agreements of the Funds, Defendant Contractor is also obligated to pay the Funds' reasonable attorneys' fees of twenty percent (20%) of the total delinquency, but not less than one thousand dollars ($1,000.00). The Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to the Funds until the termination of this case. In the alternative, the amount of such fees may be determined by the Court.

16. The Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Empire Refractory is ordered to specifically perform under the federal statutes, as well as the Agreements, and is restrained from continuing to refuse to perform as thereunder required.

17. The Funds are obligated and authorized by the Agreements, ERISA, and the common law of trusts to initiate legal action seeking injunctive and equitable relief to enforce the terms of the Agreement.

WHEREFORE, Plaintiff Laborers' Combined Funds of Western Pennsylvania demands the following relief against Defendant Contractor:

    a. a preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements, and enjoining Defendant Contractor from disposing of assets;

b. for Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendant's business operations through the present;

c. for Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees through the present, in order to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by Defendant Contractor to the Plaintiff Funds;

d. for an Order requiring Defendant Contractor to comply with the findings of the resulting audit, including payment of any delinquent contributions that are determined by the audit to have been retained by the Defendant Contractor, in the sum of whatever delinquent principle amount Plaintiff Funds' audit determines is owed once it has concluded, plus such additional amounts shown to be owed to Plaintiff Funds until termination of this case, plus additional interest at the rate of one and one quarter percent (1.25%) per month; plus late charges/liquidated damages of ten percent (10%); plus attorneys' fees of twenty percent (20%) of total amount due; plus costs of suit;

e. for the Court to retain jurisdiction of the case pending compliance with its orders;

f. for the Court to award Plaintiff Funds' attorneys' fees and costs, as authorized by the Agreements and ERISA, and;

g. for such other and further relief as the Court may deem just and proper.

Date:  11/9/2022

Respectfully submitted,

GOEHRING RUTTER & BOEHM

By:     s/David L. Scherer
     Jessica L. Crown, Esquire
     Pa. I.D. #205765
     David L. Scherer, Esquire
     Pa. I.D. #325160
     525 William Penn Place
     Suite 3110
     Pittsburgh, PA  15219
     Telephone:  (412) 281-0587
     Facsimile:  (412) 281-2971